THOMAS H. ADAMS, APPELLANT, v. THE PENN BANK OF PITTSBURGH, RESPONDENT.

*Foreign corporation — right of a non-resident to sue it in this State — Code of Civil Procedure, sec. 1780.*

One not a resident of this State can only maintain an action against a foreign corporation, in the courts of this State, in the cases specified in section 1780 of the Code of Civil Procedure.

The right to maintain an action here against a foreign corporation depends upon the residence and not upon the citizenship of the plaintiff.

APPEAL from an order, made at a Special Term, vacating an attachment.

*A. C. Brown*, for the appellant.

*James Watson*, for the respondent.

DAVIS, P. J.:

In this case the plaintiff is a non-resident of this State, and is a resident of the State of Pennsylvania. The defendant is a corpora-- tion of the State of Pennsylvania, having its place of business in the city of Pittsburgh in that State. Neither of the parties have a residence in the State of New York. The action is commenced by the filing of a summons and complaint, and the obtaining of an order for service of the same by publication. The defendant appeared solely for the purpose of making this motion.

Section 1780 of the Code of Civil Procedure, which is controlling of the cases in which actions may be maintained in the courts of this State against foreign corporations, does not permit such an action by a non-resident, except in certain specified cases, neither of which exists in this action. The plaintiff being a resident may be presumed to be a citizen of the State of Pennsylvania, although that fact is not affirmatively shown. But, assuming him to be such, he is entitled to all the privileges and immunities secured to citizens of the United States, and of the several States, by the Constitution of the United States. But those provisions do not secure to citizens of any State the right to exercise in another State, privileges and immunities which are not conferred upon citizens of that State. For instance, the plaintiff does not by virtue of any provision of the Constitution of the United States possess the right to maintain an action against the defendant in this State, because he might maintain such an action in the State of Pennsylvania. The privileges and immunities that he can claim in this State under the Constitution are only such as pertain to citizens of this State by reason of their citizenship. In order, therefore, to entitle him to maintain his action against a foreign corporation, notwithstanding the provisions of the Code to the contrary, he must be able to show that a citizen of this State circumstanced precisely as he is, could maintain such an action. But it is manifest that under section 1780 the right to maintain the action does not depend upon citizenship, but upon residence; and a citizen of this State who actually resides in the State of Pennsylvania cannot by reason of his citizenship sue a corporation of Pennsylvania in our courts, except in one of the cases specifically declared by statute. As the question is wholly controlled by residence, it necessarily follows that a resident of another State cannot come into our

·courts and insist upon maintaining an action against a foreign corpo-
ration, except only in cases allowed by our statute.   The plaintiff,
therefore, fails to show any right to maintain his action against the
·defendant, and consequently is not entitled to hold the attachment
which he has sued out.

The motion was properly disposed of in the court below, and the
·order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.